UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON CARLIN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 12-10222

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MARK A. RANDON

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [15] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13] AND DENYING PLAINTIFF'S MOTION TO REMAND [12]

On January 11, 2013, Magistrate Judge Randon issued a Report and Recommendation ("R&R") [15] recommending that Defendant's Motion for Summary Judgment [13] be granted and that Plaintiff's Motion to Remand [12] be denied. Plaintiff filed an Objection [16] on January 23, 2013.

For the reasons stated below, the Report and Recommendation is ADOPTED and is entered as the findings and conclusions of the Court. Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's Motion for Summary Judgment is DENIED.

### I. Factual Background

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R in full.

## II. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(c). Making some objections to an R&R, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). Objections that are filed must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

In reviewing an Administrative Law Judge's ("ALJ") decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). So long as the conclusion is supported by substantial evidence, "this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

### III. Analysis

Plaintiff provides a number of objections to the R&R. While all of the arguments made by Plaintiff in her objection were made before the Magistrate Judge and are discussed in the R&R, the Court will review them *de novo*.

### A. Hypothetical Question to Vocational Expert

Plaintiff's first objection concerns the hypothetical question posed by the ALJ to the Vocational Expert ("VE"). During Plaintiff's disability hearing the ALJ posed a hypothetical question to the VE regarding a person of Plaintiff's age, education, and work experience who could perform light work, but who:

> would be limited to only two hours of standing and walking [in an eight-hour day]. The individual would not be able to operate foot controls on the right. They would not be able to reach overhead on the right above shoulder level. They could not climb ladders, ropes or scaffolds. They could not perform any kneeling or crawling. The could not be exposed to work place hazards such as unprotected heights or dangerous moving machinery. They could not perform any outdoor work. They would be limited to simple, routine tasks not performed around the public. They'd be limited to relatively low-stress jobs, which for this hypothetical will be defined as work requiring no more than occasional decision-making and no more than occasional work place changes. And finally, they would not be ale to perform at a production rate pace.

Transcript of Social Security Proceedings [9], Ex. 2, Pg ID 83-84.

The VE answered that a hypothetical individual described above "would be precluded from work." When the ALJ changed the hypothetical from "production rate pace," to "assembly line type work," the VE answered that such an individual could work in three unskilled jobs. These did not include Plaintiff's former employment of heavy equipment operator.

Plaintiff argues that the ALJ's hypothetical was deficient because it did not accommodate for "Plaintiff's moderate deficits in concentration, persistence or pace." Plaitniff also complains that the ALJ's questioning of the VE elicited "contradictory and confusing testimony lacking evidentiary value." Plaintiff's objection thus focuses on Steps Four and Five of the ALJ's disability analysis.

In Step Four, the ALJ determines the claimant's Residual Functional Capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). "Your [RFC] is the most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1) (2012). In considering the RFC, the ALJ "will consider all of your medically determinable impairments . . . ." 20 C.F.R. § 416.945(a)(2). The ALJ will also "consider any statements about what you can still do that have been provided by medical sources, whether or not they are based on formal medical examinations." 20 C.F.R. § 416.945(a)(3). The ALJ must use the RFC assessment to determine if the claimant can perform their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If claimant can still do past relevant work, then benefits are denied. 20 C.F.R. §§ 404.1520(f), 416.920(f).

If claimant cannot do past relevant work, at the fifth step the ALJ must use the RFC assessment along with the claimant's age, education, and work experience to see if the claimant can make a transition to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). At Step Five, the ALJ must "identify a significant number of jobs in the economy that accommodate the claimant's [RFC] (determined at step four) and vocational profile."

Plaintiff argues that the ALJ's hypothetical question should have included reference to Plaintiff's "moderate deficits in concentration, persistence, and pace," presumably through the

inclusion of that exact wording in the ALJ's hypothetical question. Plaintiff argues that the failure of the ALJ to include these specific limitations requires remand. Plaintiff notes that evidence elicited from a VE may only be relied on as substantial evidence of jobs that accommodate a claimant's RFC if the hypothetical question "'accurately portrays [a claimant's] individual physical and mental impairments.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512-13 (6th Cir. 2010) (quoting *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002)). Thus, Plaintiff's objection is that the hypothetical question, which explicitly limited Plaintiff to "unskilled" positions, does not accurately portray Plaintiff's mental and physical impairments.

Plaintiff's contention that the ALJ was required to more explicitly incorporate Plaintiff's concentration impairments into his hypothetical question is inaccurate. An ALJ need not list a claimant's medical condition in the hypothetical question; rather, the hypothetical should provide the VE with the ALJ's assessment of what a claimant "can and cannot do." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). In *Ealy*, which Plaintiff relies on, the United States Court of Appeals for the Sixth Circuit found the hypothetical question insufficient because the court rejected the underlying assumption in the hypothetical - that is, that the claimant could perform "simple, repetitive tasks and instruction in non-public work settings." *Ealy*, 594 F.3d at 516. Rather, the court found that the claimant's mental impairments were such that the hypothetical did not accurately state the work the claimant could perform.

Thus, in the instant case, the question is whether the ALJ's hypothetical assuming that Plaintiff can perform unskilled work "accurately portrays [the] claimant's physical and mental impairments." *Id.* The Court finds that substantial evidence supports the ALJ's assumption. Plaintiff had, in the past, performed work that was more complex than the unskilled work posed in the

5

hypothetical. The opinion of state-reviewing psychologist Judy Strait, while stating that Plaintiff has a concentration deficit, also stated that he "retains the capacity to perform simple, routine tasks on a sustained basis." Another psychologist, Nathalie Menendes, stated that Plaintiff "is able to understand, retain, and follow simple and one step instructions. He is able to perform and remember simple, routine, and repetitive tangible tasks." Thus, there was "more than a scintilla of evidence" that Plaintiff could perform unskilled work. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). As such, it was not error for the ALJ to omit specific discussion of Plaintiff's "moderate deficits in concentration, persistence, and pace," when the hypothetical nevertheless accurately reflected Plaintiff's mental and physical impairments, as determined by the ALJ and as supported by substantial evidence.

Plaintiff also argues that the ALJ questioned the VE about the aforementioned hypothetical in a manner that elicited contradictory and confusing testimony. Though not covered in the R&R, the Court, based on the transcript of the hearing, finds that the VE's testimony was clear and not contradictory. There was some confusion as to the nature of the ALJ's hypothetical, particularly what was meant by "production pace," and "assembly line work." The VE understood the hypothetical to be restrictive of any part of an assembly or production line. However, the ALJ clarified his question saying, "[m]y concern is the stress level of the whole place shutting down if you don't keep the same pace." In response, the VE stated that he could provide three unskilled jobs that would not exceed the stress level in the hypothetical, a buckle-wire inserter, puller-through, and sticker. Transcript of Social Security Proceedings [9], Ex. 2, Pg ID 84-85. Therefore, the VE's testimony is clear and supports the hypothetical used by the ALJ.

**Credibility**

Plaintiff next objects that the R&R [15] does not articulate the reasons for finding that Plaintiff lacked credibility. As enumerated above, Plaintiff argues that the RFC that the ALJ used to determine credibility, is faulty. Plaintiff does not object to the ALJ's finding, but rather argues that because the ALJ found Plaintiff to lack credibility in reporting the severity of his symptoms, which are enumerated in the allegedly faulty RFC, then the credibility determination must also be faulty. The ALJ is in the "best position to observe witnesses' demeanor and to make an appropriate evaluation as to their credibility," and "an ALJ's credibility assessment will not be disturbed absent compelling reason." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416-17 (6th Cir. 2011) (citations omitted). The ALJ is to consider the record as a whole in making a credibility determination. *Id.*

> The R&R [15] discusses Plaintiff's credibility in a footnote, which states,
>
> Plaintiff also argues that if the RFC is defective, then the ALJ's analysis is defective, because "the ALJ found [Plaintiff's] statements concerning the intensity, persistence and limiting effects of his symptoms not credible to the extent they were inconsistent with [Plaintiff's] RFC" Dkt. No. 12 at p.16. Because this Magistrate Judge finds substantial evidence supports the ALJ's RFC, Plaintiff's credibility argument also lacks merit.
>
> R&R [15] at 11 n.5.

Defendant's Motion for Summary Judgment [13] outlines the ALJ's reasons for finding a lack of credibility, and the Court finds that there is no compelling reason to disturb it. The ALJ considered objective medical evidence, such as physician opinions, as well as imaging results, and found that the evidence supported the limitations enumerated in the RFC. Treatment evidence was

also considered, which indicated that even though Plaintiff did not attend all his physical therapy sessions, or take his medication regularly, his symptoms had improved. Also, a pain management specialist recommended pain management through Plaintiff's primary care physician, which would not be done if Plaintiff's symptoms were grave. The credibility determination was also based on Plaintiff's ability to perform household tasks. The ALJ determined that because Plaintiff could do chores such as laundry, which included walking up and down the stairs, driving a car, and grocery shopping, Plaintiff was not as limited as he alleged. Defendant's Motion for Summary Judgment [13], p. 14-15. It is proper for an ALJ to determine that a plaintiff's complaints are not credible, "in light of her ability to perform other tasks." *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 536 (6th Cir. 2001).

There is some contradictory evidence in the record, but not enough to indicate a lack of substantial evidence to support the ALJ's finding. For instance, at the Social Security hearing on April 6, 2010, the Plaintiff indicated that his failure to attend physical therapy was due to his insurance not covering it. Transcript of Social Security Proceedings [9], Ex. 2, Pg ID 69-70. However, Plaintiff does not argue this point in his objection, and in his Motion to Remand Pursuant to Sentence Four [12] p.5, Plaintiff indicates that he was discharged from physical therapy, and later returned. This inconsistency alone is not enough to support the credibility determination, but it is when taken into account with all the other evidence considered by the ALJ. Therefore, the Court finds that the ALJ had the "more than a scintilla" of substantial evidence available to support his determination that Plaintiff's statements that he could not perform any work were not credible.

**Alleged Failure to Grant Deference to Plaintiff's Treating Physician**

After consideration of the facts on record, the Court finds that the Magistrate Judge's analysis of this issue in the R&R [15] Section 2, pp. 12-15, states all the relevant law and facts, and requires no further discussion.  The ALJ concluded that Dr. Hafford's opinion was inconsistent with the medical evidence as a whole.  Particularly, Dr. Hafford opined that Plaintiff could only work for two hours per day, but the treatment he prescribed for Plaintiff was insufficient for that level of restriction.  Also, an independent consultant, a pain management specialist, and a neurologist found, among other things, that Plaintiff had a pain-free range of motion, and was able to get off the examining table without pain.  These findings are inconsistent with the symptoms supported by Dr. Hafford.  Therefore, the Court finds that the ALJ's decision to not give Plaintiff's treating Physician controlling weight was based on substantial evidence, and should not be disturbed.

**Failure to Consider All Physical Limitations**

Plaintiff's final objection is that the RFC did not take all of his physical limitations into account.  Plaintiff's primary care physician, Dr. Hafford, opined that Plaintiff could stand, sit, or walk for only two hours a day, whereas the RFC limited Plaintiff to two hours of standing or walking. The ALJ did not include this recommendation in the RFC, based on the determination that Dr. Hafford's opinions should not be given controlling weight. This Court has determined that the ALJ's determination regarding Dr. Hafford's credibility was based on substantial evidence.  Therefore, the Court finds that the RFC adequately described Plaintiff's physical limitations.

**Conclusion**

The Court having reviewed the record in this case, the Report and Recommendation [15] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court. Defendant's Motion for Summary Judgment [13] is **GRANTED**. Plaintiff's Motion for Summary Judgment [12] is **DENIED**. This case is **CLOSED**.

**SO ORDERED**.

s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge

Dated: February 21, 2013